UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.　　　　　　　　　　　　　　　　No. 03-4354

SAMUEL CERAVOLO,
　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-03-28)

Submitted: December 3, 2003

Decided: December 22, 2003

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Frank W. Dunham, Jr., Federal Public Defender, Michael S. Nach-manoff, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Patrick F. Stokes, Assistant United States Attorney, James J. Fredricks, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Samuel Ceravolo, III, appeals his conviction upon his conditional guilty plea for possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A) (2000). Ceravolo conditioned his guilty plea on his right to appeal the district court's denial of his motion to suppress statements made to the arresting officer and his motion to suppress evidence recovered upon execution of a search warrant allegedly lacking in probable cause. The district court sentenced him to sixty months of imprisonment to be followed by a three-year term of supervised release. Finding no error, we affirm.

Ceravolo asserts the district court erred when it denied his motion to suppress the statements he made to police during his arrest because he invoked his right to remain silent by not answering a question. It is not contested that Ceravolo was properly informed of his right to remain silent,* waived that right, and answered Detective Gavin's first question. When Gavin inquired as to the presence of contraband in Ceravolo's apartment Ceravolo did not reply. Gavin then informed Ceravolo that he would be executing a warrant at Ceravolo's apartment and explained that he needed to know if there were dangerous dogs, violent people, or weapons there, and if there were drugs present. Ceravolo then disclosed the presence of marijuana in his room of the apartment and eventually admitted there was cocaine, currency and a rifle in his room.

We review the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most

---

*\*Miranda v. Arizona*, 384 U.S. 436 (1966).

favorable to the government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Ceravolo first contends that his failure to answer Gavin's inquiry about contraband at the apartment invoked his right to remain silent and questioning should have ceased in the face of his silence. Ceravolo, after affirmatively waiving his right to remain silent, was required to provide some indication that he would not answer further questions. *See Miranda v. Arizona*, 384 U.S. 436, 473-74 (1966). His failure to immediately answer a single question did not evince a decision to invoke his right to remain silent.

Ceravolo next contends that Gavin's statement that he would execute a warrant at Ceravolo's residence was untruthful because the warrant Gavin had previously procured had been destroyed when Ceravolo could not be located, and a new warrant had not yet been issued. Ceravolo asserts his response was involuntary because of Gavin's misleading show of authority. For a statement to be deemed involuntary under the Due Process Clause of the Fifth Amendment, it must be obtained by (1) threats or violence; (2) direct or implied promises; or (3) the exertion of improper influence. *United States v. Braxton*, 112 F.3d 777, 782-83 (4th Cir. 1997). The district court found nothing false about Gavin's statement that he planned to execute a search warrant at Ceravolo's residence. In any event, however, nothing in Gavin's statement should have led Ceravolo to believe he did not have the right to remain silent. Accordingly, we conclude that the district court properly found that Ceravolo made the incriminating statements voluntarily after he waived his right to remain silent. Because the statements were admissible the warrant application that reported those statements was proper and the warrant was based on probable cause that drug and evidence of drug trafficking would be located at Ceravolo's residence.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*